**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

Catherine Cortez, et al.                                    Civil Action No. 6:15-cv-0467

versus                                                            Judge Robert G. James

Michael W. Neustrom, et al.                           Magistrate Judge Carol B. Whitehurst

## REPORT AND RECOMMENDATION

Pending before the Court are: (1) a Motion to Dismiss and/or Motion for More Definite Statement (Doc. 16), filed by Defendants Michael W. Neustrom, Jill Birkenmeier, Joey Graciana, Matthew Meginley, and John Sullivan; (2) a Motion to Dismiss (Doc. 19), filed by Defendants City of Carencro and Carlos Stout; and (3) a Motion to Dismiss (Doc. 22), filed by Defendants Hayden Godeaux, the City of Scott, and Chad Leger.  Plaintiff Catherine Cortez filed this civil action on behalf of the deceased's two minor children, in her alleged capacity as tutrix of the minor children. (Doc. 1 at ¶ 4.)

Defendants assert in their motions to dismiss that Plaintiff is not the proper party to institute any claims against the Defendants and, therefore, lacks standing to bring this action.  (Doc. 16-2 at pp. 6-8; Doc. 19-1 at pp. 8-9; Doc. 22-3 at pp. 13-15.) The record reflects that Plaintiff petitioned in state court to have Heather Scanlan, the children's natural mother, be removed as tutrix and to have herself be appointed in her

place. (*See* Doc. 23-1).  The tutorship proceedings have concluded with the state court denying Plaintiff's petition and recognizing Ms. Scanlan as the tutrix for the two minor children.[1]  (Doc. 34-1; Doc. 44 at ¶ 4.)

Plaintiff concedes that, in light of the state court's ruling in the tutorship proceedings, she is not the proper party to institute any claims against Defendants on behalf of the minor children.[2]  (Doc. 44 at ¶ 7.)  The undersigned concludes that Defendants' motions to dismiss are due to be granted on the basis that Plaintiff lacks standing to bring this action.  Accordingly, the undersigned RECOMMENDS that Defendants' Motions to Dismiss (Docs. 16, 19, and 22) be GRANTED, that the alternative Motion for More Definite Statement (Doc. 16) be DENIED as MOOT, and that Plaintiff's claims against Defendants be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days

---

[1]  Ms. Scanlan has filed a separate civil action against the same defendants on behalf of her two minor children.  *See Heather Nicole Scanlan, et al. v. Michael W. Neustrom et al.*, Civil Action No. 6:15-cv-449-DDD-PJH (W.D. La.).

[2]  Plaintiff's counsel clarified to the undersigned in a telephone conference that he does not intend to oppose the pending motions to dismiss in light of the outcome of the state tutorship proceedings.

after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within FOURTEEN (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 18th day of January, 2017.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE